973 So.2d 498 (2007)
Luis BENITES, Appellant/Appellee,
v.
Marcos ALMEIDA and Nara Almeida, Appellees/Appellants.
Nos. 3D06-1132, 3D06-2404.
District Court of Appeal of Florida, Third District.
December 12, 2007.
*499 Simon, Schindler & Sandberg, LLP, Miami, and Anthony V. Falzon, for appellant/appellee.
Shelley Senecal, for appellees/appellants.
Before COPE, GREEN, and SALTER, JJ.
COPE, J.
The main issue we address in these consolidated appeals involves the application of a setoff for personal injury protection (PIP) benefits. Since plaintiff Luis Benites exhausted all of his PIP benefits for payment of medical expenses, the setoff for PIP benefits should have been applied only to that portion of the verdict which awarded past medical expenses.
Plaintiff Luis Benites was involved in an automobile accident in which defendant Nara Almeida admitted to being at fault. Defendant Marcos Almeida, her father, was joined as a defendant because he is the owner of the vehicle.
The plaintiff submitted medical bills of $18,702 to his PIP insurer. The PIP printout showed the plaintiff exhausted his $10,000 in PIP benefits.[1]
The plaintiff brought suit against the defendants, contending that he had suffered a permanent injury. The plaintiff introduced his medical bills into evidence at the trial. The jury returned a verdict *500 no permanency. It awarded $5,000 for past medical expenses and $2,500 for lost earnings, for a total verdict of $7,500. The question of the PIP setoff was submitted to the trial court post-trial.
The parties agree that the entire $10,000 PIP coverage was expended for medical bills. No PIP benefits were paid for lost wages. The plaintiff argued that since the PIP benefits were paid for medical bills only, it follows that the PIP setoff can only be applied to the jury's line item of $5,000 for past medical expenses. The defendants argued that the $10,000 PIP amount should be viewed as a whole, and should be applied to the total verdict of $7,500, leaving a zero recovery for the plaintiff. The defendants' trial counsel also intimated to the trial court (incorrectly) that the plaintiff would somehow be able to submit his claim for lost wages to the PIP carrier in the future. As appellate counsel acknowledges, the PIP benefits have been exhausted and no further claim would be entertained by the PIP carrier.
Under the no-fault law, a plaintiff has "no right to recover any damages for which personal injury protection benefits are paid or payable." § 627.736(3), Fla. Stat. (2003).[2] The Florida Supreme Court's decision in Rollins v. Pizzarelli, 761 So.2d 294 (Fla.2000), is instructive on the interpretation of the phrase "paid or payable." In Rollins, the plaintiff exhausted all but $524.78 in PIP benefits. The jury returned an award which included $5,000 in future medical expenses. Id. at 296. The question was whether the $524.78 in unexpended PIP benefits should be set off against the $5,000 award for future medical expenses. The court said that the answer was no.
Referring to the statutory phrase "paid or payable," the court interpreted "payable" narrowly, The court said that "the proper interpretation of the term `payable' is that only PIP benefits `currently payable' or owed by the PIP carrier as a result of expenses incurred by the plaintiff should be set off from a verdict that includes an award of future medical expenses." Id. at 301. Since at the time of the verdict the plaintiff had not yet incurred any future medical expenses, it followed that the $524.78 in available PIP benefits could not be set off from the $5,000 future medical award.
Turning now to the phrase "paid or payable" in the context of the present case, it is undisputed that $10,000 in PIP benefits were "paid" within the meaning of the statute. Nothing is "payable" as that phrase has been interpreted by Rollins. There are no "PIP benefits `currently payable' or owed by the PIP carrier as a result of expenses incurred by the plaintiff," id., because the entire $10,000 benefit has been exhausted.
Since the term "payable" is irrelevant in the present case, the applicable portion of the statute provides that the plaintiff has "no right to recover any damages for which personal injury protection benefits are paid. . . ." § 627.736(3), Fla. Stat. (2003). Because all of the PIP benefits were applied to the plaintiffs past medical expenses, it follows that the setoff can be made only against the jury's $5,000 line item for past medical expenses. The matter must be returned to the trial court to enter an appropriate judgment in favor of the plaintiff on the $2,500 verdict for lost wages.
The plaintiff has also requested a new trial. We have carefully considered the plaintiff's argument on this issue, but conclude that the trial court's rulings were within the court's discretion. In light of *501 our ruling on the PIP setoff, the appeal of the defendants and Allstate Insurance Company regarding the cost award is moot.
Affirmed in part, reversed in part, and remanded for entry of judgment for the plaintiff consistent with this opinion.
NOTES
[1] This consisted of $8,000 paid by the insurance company with a $2,000 deductible being attributable to the plaintiff.
[2] The date of the accident was August 20, 2003.